UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN L. MARTIN,

    Petitioner,

v.      CAUSE NO. 3:19-CV-861 DRL-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Kevin L. Martin, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WVS-19-4-10) at the Wabash Valley Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of attempted battery in violation of Indiana Department of Correction Offense 212. Following a disciplinary hearing, he was sanctioned with a loss of ninety days earned credit time.

Mr. Martin argues that he is entitled to habeas relief because the video recording did not show that the cuff port hit a correctional officer.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer represented that he saw Mr. Martin reach for a cup as if he intended to throw its contents on correctional staff and that the correctional officer reacted by holding the cuff port shut from the outside of the cell and locking it. ECF 5-1. Mr. Martin put the cup down and kicked the cuff port from the inside of the cell, which caused the correctional officer a minor wrist injury. It also contains a video recording and a statement from a caseworker that are each consistent with this report. ECF 5-6, ECF 5-9, ECF 8. The conduct report, video recording, and witness statement constitute some evidence that Mr. Martin committed attempted battery. Therefore, the argument that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Mr. Martin argues that he is entitled to habeas relief because the hearing officer denied his request for the medical records of the injured correctional officer, the video recording, and photographs. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* "[P]rison disciplinary officials need not permit the presentation of irrelevant or repetitive evidence in order to afford prisoners due process in disciplinary proceedings." *Scruggs v. Jordan*, 485 F.3d 934, 939–40 (7th Cir. 2007). The administrative record contained the video recording of the incident and a photograph of the injury. ECF 5-2, ECF 8. Further, the screening report

2

indicates that the request for medical records was denied because the correctional officer did not receive medical treatment for the minor injury. ECF 5-3. Consequently, the claim that his request for evidence were denied is not a basis for habeas relief.

Mr. Martin argues that he is entitled to habeas relief because he was not allowed to personally review the video recording, which would have shown that the cuff port did not hit the correctional officer. "[A]n inmate is entitled to disclosure of material, exculpatory evidence in prison disciplinary hearings unless such disclosure would unduly threaten institutional concerns." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). To start, correctional staff declined to allow Mr. Martin to view the recording based on the concern that it would jeopardize the safety and security of the facility. Further, they disclosed the existence and the contents of the video recording via written summary. ECF 5-6. Additionally, the court has reviewed the video recording and finds that it is consistent with the written summary and is not exculpatory. The recording shows that Mr. Martin kicked the cuff port from the inside of the cell as the correctional officer was positioned just outside the cell but contains nothing to undermine the evidence that the cuff port made physical contact with the correctional officer. Therefore, the claim that the hearing officer did not disclose material, exculpatory evidence is not a basis for habeas relief.

Mr. Martin argues that he is entitled to habeas relief because he did not receive sufficient notice—that he was charged with battery at screening but found guilty of attempted battery at the hearing. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the

charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). This notice must be given no less than twenty-four hours before the hearing. *Id.*

This circuit addressed a similar argument in *Northern v. Hanks*, 326 F.3d 909 (7th Cir. 2003). An inmate was charged with bribery for smuggling tobacco with the assistance of correctional staff but was found guilty of attempted trafficking based on the same factual basis. *Id.* at 909-10. The appellate court held that this finding of guilt did not violate the inmate's procedural rights because he received notice of the facts underlying the bribery charge, and these facts were sufficient to apprise the inmate that he could also be subject to discipline for the offense of attempted trafficking. *Id.* at 910-11.

Similarly here, the administrative record includes a copy of the conduct report, which articulates the factual basis for the battery charge and indicates that Mr. Martin received a copy of the conduct report two weeks before the hearing. ECF 5-1, ECF 5-3. According to departmental regulations, the definition of battery wholly subsumes the definition of attempted battery, and the facts set forth in the conduct report also support a charge of attempted battery. ECF 5-14. Because Mr. Martin received adequate notice of the facts underlying the attempted battery finding, the argument that he did not receive sufficient notice is not a basis for habeas relief.

Mr. Martin argues that he did not have an impartial decisionmaker because the correctional officer who issued the conduct report also escorted him to the hearing and may have influenced the hearing officer's decision after Mr. Martin left the hearing room. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty

4

and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decisionmaker in the case. *Id.* Mr. Martin has no personal knowledge and has submitted no evidence to suggest that the correctional officer improperly influenced the hearing officer's decision. Instead, he merely speculates that an attempt to influence the hearing officer's decision may have taken place. As a result, the claim of improper bias is not a basis for habeas relief.

Mr. Martin argues that he is entitled to habeas relief because the correctional officer issued the conduct report in retaliation for filing grievances and lawsuits. "Prisoners are entitled to be free from arbitrary actions of prison officials. The protections against this arbitrary action, however, are the procedural due process requirements as set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974)." *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984) "[R]etaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process." *Lee v. Berge*, 14 F. App'x 690, 693 (7th Cir. 2001). Therefore, the claim of retaliation is not a basis for habeas relief.

Because Mr. Martin has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Mr. Martin wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in*

*forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Kevin L. Martin leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

February 3, 2021                               *s/ Damon R. Leichty*
                                                       Judge, United States District Court